INTERNATIONAL UNION OF DISTRICT 50, UNITED MINE WORKERS OF AMERICA, Plaintiff-Appellee,

v.

BOWMAN TRANSPORTATION, INC., Defendant-Appellant.

No. 28197

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1970.

William M. Pate, Mitchell, Pate & Anderson, Atlanta, Ga., for defendant-appellant.

James W. Dorsey, Nall, Miller, Cadenhead & Dennis, Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

■ This is an appeal from a judgment of the district court ordering the enforcement of an arbitration award in an action brought by the union under Section 301 of the Labor Management Relations Act as amended, 29 U.S.C.A. § 185, and the award of costs and attorneys fees incurred by the union.[1]

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I [Oct. 7, 1969].

■ For the reasons well stated by the district court in its unpublished memorandum order reprinted here, we affirm the order enforcing the arbitration award.

■ On the question of the award of attorneys' fees, we also affirm. The district court has authority to award attorneys' fees where it determines that a party has without justification refused to abide by the award of an arbitrator. Local No. 149 I.U.A., A. & A.I.W. v. American Brake Shoe Co., 4th Cir. 1962, 298 F.2d 212.

■ Under all the facts and circumstances of this particular case, we are unable to hold that the district court abused its discretion in awarding costs and attorneys' fees incurred by the union. *See* Dallas Typographical Union No. 173 v. A. H. Belo Corp., 5th Cir. 1967, 372 F.2d 577, 583.

Affirmed.

## APPENDIX

## ORDER FOR JUDGMENT IN FAVOR OF UNION

Both parties have moved for judgment on the pleadings, under Rule 12(c), Fed. R. Civ.P.

The International Union of District 50, United Mine Workers of America (hereafter the Union) has sued Bowman Transportation, Inc. (hereafter the Company) under Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C.A. § 185, for enforcement of an arbitration award. The Company and the Union entered into a collective bargaining agreement which provided for the final resolution of disputes as to the interpretation and application of the agreement by impartial arbitration. On December 10, 1968, the Union and the Company submitted the following issue to arbitration:

Was the discharge of Elmer O. Cox on July 18, 1968, for cause? If not, what is the remedy?

Following a hearing on December 26, 1968, the arbitrator ordered Cox reinstated with seniority from the date of employment, without back pay. The Company has refused to comply with this award.

In its answer, the Company admits that it has refused to comply with the award of the arbitrator, but it denies this refusal is a violation of the collective bargaining agreement. The Company claims that the arbitrator's award conflicts with his findings and with the contract, therefore the award was beyond the arbitrator's authority.

Both the Company and the Union agree that no question of fact is involved here, only a question of law involving the correct interpretation of the arbitrator's award. This is an appropriate matter to be resolved on the pleadings pursuant to Fed.R.Civ.P. 12(c).

Upon consideration of all pertinent matters, the court orders judgment in favor of the Union, enforcing the arbitrator's award, and denies the Company's motion for judgment. This decision is based both on the collective bargaining agreement and on national policy.

First, the court finds that the arbitrator's award does "draw its essence from the collective bargaining agreement" as required by United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960). The arbitration clause is not narrowly drawn except as to employee discharges for violation of Article XII which contains a no-strike agreement. There is no similar restriction of the arbitrator's power in the case of an Article XI discharge such as presently is before the court. Since the Company was able to bargain for restrictions on the arbitrator's power in Article XIII violations it must be assumed they could also have sought the same limitations for Article VI violations. Applying the principle *expressio unius est exclusio alterius*, the court concludes here the arbitrator's function and power was not limited to determining if the Company was justified in concluding that the grievant was negligent. Rath-

er, the collective bargaining agreement in this case envisaged that the arbitrator would "bring his informed judgment to bear in order to reach a fair solution" of a problem, "especially [in] formulating remedies." *Enterprise*, supra at 597, 80 S.Ct. at 1361. Discharge is often referred to as industry's capital punishment and in the absence of a restriction clause expressly limiting the function and power of the arbitrator, it is within the arbitrator's power to modify this ultimate sanction. See International Association of Machinists, District No. 8, AFL–CIO v. Campbell Soup Company, 406 F.2d 1223 (7th Cir. 1969).

A second reason for upholding the award is found in a possible ambiguity in the arbitrator's findings. The Company claims the grievant was found guilty of negligence by the arbitrator. This is not accurate. It was stated that without benefit of the grievant's explanation, the Company was justified in concluding he was negligent. Going further, however, the arbitrator found the grievant's explanation was reasonable, so that while the Company was warranted in disciplining him, they could not discharge him. In view of this possible ambiguity on the issue of grievant's negligence, this court must heed the warning given in *Enterprise*, supra, 363 U.S. at 598, 80 S.Ct. at 1361:

A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award. Arbitrators have no obligation to the court to give their reasons for an award. To require opinions free of ambiguity may lead arbitrators to play it safe by writing no supporting opinions.

Further support for the court's belief that any ambiguity is to be resolved in favor of the award is found in Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3rd Cir. 1969):

* * * a labor arbitrator's award does 'draw its essence from the collective bargaining agreement' if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by the principles of contract construction and the law of the shop, may a reviewing court disturb the award.

Lastly, the Court bases its decision on the unmistakable national policy to encourage arbitration as a device to settle industrial disputes. The trilogy[1] of cases handed down in 1960 by United States Supreme Court underlines the existence of this policy. Equally clear is the policy of limiting the judicial role in arbitration matters. Safeway Stores v. American Bakery & Confectionery Workers International Union, Local 111, 390 F.2d 79 (5th Cir. 1968). As was stated in *Enterprise*:

It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

Accordingly, judgment will be entered in favor of the Union; the Company is directed to comply with the award of the arbitrator, including the payment to the grievant of all monies due him under the award, with interest. Costs and attorneys' fees incurred by the plaintiff are to be paid by the Company.

1. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).