FABRICUT, INC., Appellant and Cross-Appellee,

v.

TULSA GENERAL DRIVERS, WAREHOUSEMEN AND HELPERS, LOCAL 523, and Melvis Minter, Raphael Stokes, Charles T. Frazier and Jackson Cato, Appellees and Cross-Appellants.

Nos. 77–1962, 77–1963.

United States Court of Appeals, Tenth Circuit.

Argued March 14, 1979.

Decided April 23, 1979.

William D. Toney, Tulsa, Okl. (Gilker & Swan, Fort Smith, Ark., with him on briefs), for appellant and cross-appellee.

Maynard I. Ungerman, Tulsa, Okl. (Ungerman, Ungerman, Marvin, Weinstein & Glass, Tulsa, Okl., with him on briefs) for appellees and cross-appellants.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This action was brought under 29 U.S.C. § 185 by an employer to set aside an arbitration award which reduced the penalty which the employer had imposed. The defendants counterclaimed for enforcement and sought recovery of attorneys' fees. The district court upheld the award, decreed enforcement, and denied attorneys' fees. Both the employer and the employees have appealed. We affirm.

Plaintiff Fabricut, Inc., is in the business of processing and distributing decorative fabrics at Tulsa, Oklahoma. Defendant Tulsa General Drivers, Warehousemen and Helpers, Local 523 (the Union), represents Fabricut's production employees. This dispute is governed by a November 15, 1973, collective bargaining agreement.

On September 3, 1975, Fabricut assigned mandatory overtime to all of its employees. Several employees left the premises at the end of the normal working period without obtaining prior approval. When these employees, including the defendants Minter, Stokes, Frazier and Cato, arrived for work on the following day, they found that they had been discharged.

Pursuant to the bargaining agreement, grievances were instituted and culminated in the submission of the dispute to an Arbitrator. He held that the company did not have just cause for the discharges, reduced the penalty to a one-month suspension, and directed Fabricut to reinstate the employees with seniority, back pay, and accrued benefits to the end of the suspension period.

Fabricut then sued to set aside the award on the ground that the Arbitrator had ex-

ceeded the authority given him by the bargaining agreement. By agreement the parties presented separate motions for summary judgment. The facts are not disputed. The district court granted summary judgment for the defendants and ordered enforcement of the award but denied the defendants' claims for attorneys' fees.

In *Mistletoe Express Service v. Motor Expressmen's Union,* 10 Cir., 566 F.2d 692, 694, we discussed the narrow scope of judicial review of arbitration awards in the light of decided cases. We have no need to repeat what we there said. It is enough to say that the courts do not review the merits of an award. The test is whether an arbitration award "draws its essence from the collective bargaining agreement." The award may not be contrary to the express language of the agreement, and must have rational support. The stated principles are applicable here.

The collective bargaining agreement is not a model of clarity or consistency. The dispute relates to the construction and application of various provisions of the agreement. The employer asserts that its discharge penalty is authorized and that the Arbitrator exceeded his authority in substituting his penalty for that of the employer. Determination of the issues requires analysis of various contract provisions.

Section 1 of Art. XXVII, "No Strike—No Lockout" contains an agreement by the Union not to authorize or encourage any form of work stoppage, including refusals to work overtime. The employer does not claim Union action in connection with the unexcused refusals of the individual defendants to work overtime.

Section 2 of the same article authorizes the employer to "discipline and/or discharge any employee who instigates, participates, or gives leadership to any actions of [sic] conduct proscribed by Section 1." The Arbitrator held that Art. XXVII did not apply because it relates to Union activity which requires "concerted" action. The § 1 inhibitions on Union conduct imply some sort of group action, and that did not occur. The discharged employees acted individual-

ly. The Union did not authorize or encourage the refusals to work. The record sustains the Arbitrator's finding of no concerted action. Accordingly, Art. XXVII does not support either discharge or discipline.

The overtime provision, Art. XII, § 3, provides that failure to perform assigned overtime work will be considered as an unexcused absence. The authorized penalty for unexcused absences, Art. VIII, § 4, is discharge when there are three unexcused absences in a two-month period. The agreement says nothing about a penalty for less than the stated unexcused absences.

The individual defendants violated the agreement by not performing the assigned overtime. The Arbitrator held: "[t]here is no doubt whatsoever that there was every justification for disciplining the grievants," for their "self help" insubordination in refusing to work overtime. The defendants do not contest this holding. Thus, the Arbitrator found a contract violation for which the contract stated no penalty. The question then is the authority of the Arbitrator to impose a penalty which he deemed reasonable.

Art. XVI, "Grievance and Arbitration," says, § 1, that its purpose "is to provide an orderly method for the settlement of disputes between the parties * * * over the interpretation, application, or claimed violation of any of the provisions of this Agreement." A three-step grievance procedure is followed by arbitration. Among the limitations placed on the powers of the Arbitrator by Art. XVI, § 3(b), are:

"3) He shall have no power to add to, subtract from, or modify any of the terms of this Agreement.

4) He shall have no power to substitute his discretion for the Company's discretion in cases where the Company is given discretion in this Agreement."

The Arbitrator had authority to settle the dispute. In the absence of a contract specified penalty, the Arbitrator could fashion a reasonable penalty. In so doing he did not change the contract. He was making the contract workable. It would

not be workable if an insubordinate employee could resort to "self help" and violate the contract with impunity. The employer imposed a penalty not authorized by the contract, and, hence, beyond its discretionary power. The limitation on the Arbitrator's powers by Art. XVI, § 3(b)(4), has no pertinence.

In *Mistletoe* we set aside an arbitration award which reduced a penalty from discharge to suspension. In that case there was a violation of a specific contract provision which expressly provided for discharge. In the case at bar no such provision is presented. Instead there is a contract violation which carries no stated penalty. The Arbitrator correctly rejected the employer-imposed penalty. In the light of the declared purposes of the grievance and arbitration procedure and under the powers given to the Arbitrator, he had the power to fashion what he deemed a proper penalty. When viewed in the light of the entire agreement, its context, and intent, the Arbitrator's award has rational support. *Mistletoe*, 566 F.2d at 694. We accept and affirm the award.

▪ Defendants object to the refusal of the district court to award them attorneys' fees. In an action brought by a union to enforce an arbitration award, the allowance of attorneys' fees is discretionary. See *International Union of Dist. 50, U.M.W.A. v. Bowman Transportation Co.*, 5 Cir., 421 F.2d 934, 935, and *Local No. 149 v. American Brake Shoe Co.*, 4 Cir., 298 F.2d 212, 216. *F. D. Rich Co., Inc. v. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703, recognizes that a successful party may recover attorneys' fees "when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." See also *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258–259, 95 S.Ct. 1612, 44 L.Ed.2d 141. In denying attorneys' fees the trial court said:

"In the instant case, the Court has reviewed the transcript of the arbitration proceedings, the arbitrator's award, and all of the pleadings and has concluded that the plaintiff [employer] did not act

in bad faith and was not without justification for challenging the arbitrator's award."

[4] We agree with the trial court. The employer had substantial grounds for contesting in good faith the Arbitrator's award. Denial of attorneys' fees was not an abuse of discretion.

Affirmed.