BELL PRODUCTION ENGINEERS ASSOCIATION, Plaintiff-Appellee,

v.

BELL HELICOPTER TEXTRON, DIVISION OF TEXTRON, INC., Defendant-Appellant.

No. 82–1103

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1982.

Steven M. Carsey, James T. Blanton, Fort Worth, Tex., for defendant-appellant.

Marvin Menaker, Dallas, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

For almost four years, an employer, Bell Helicopter Textron (Bell), and a union, Bell Production Engineers Association (BPEA), have engaged in a dispute concerning Bell's right, under its collective bargaining agreement, to create a job classification called Tool Application Engineer (TAE). Bell considered the classification to be one not covered by its collective bargaining agreement with the union and, therefore, sought to define it without consulting the union and to fill the job with employees not in the collective bargaining unit. The union contested the decision and demanded arbitration. After one arbitration failed to resolve the controversy, a second arbitration was sought, and the arbitrator required Bell to abolish the TAE position. Bell then created what it considered a new classification within the unit. The union contended that this was not the abolition decreed by the arbitrator. Invoking federal jurisdiction under § 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, BPEA sought enforcement of the arbitrator's award.

After a bench trial, the district court held that Bell had not complied with the award and that the new TAE classification was essentially the same as the first TAE job. Accordingly it entered judgment in favor of BPEA. In August 1981, after suit was filed, Bell and BPEA negotiated a new collective bargaining agreement. Bell submitted a package agreement including a proposal, denominated Item 13, that the TAE position would be excluded from BPEA's bargaining unit and that the duties performed in that position would not be covered by the collective bargaining agreement. The district court found that BPEA ratified Bell's package, and thus saw no need to grant prospective relief.[1]

1. BPEA contends, however, that it ratified the package without Item 13. The union's minutes for the ratification meeting show that the membership voted to ratify the Bell package only after voting to "take [Item 13] to NLRB." BPEA communicated its ratification to Bell, but did not mention its reservations concerning Item 13.

On September 2, 1981, the union filed an unfair labor practice charge against the company, which is now the subject of an NLRB complaint. Bell Helicopter Textron, Case No. 16–CA–10039. An administrative law judge of

BPEA having sustained no monetary damage, the sole relief awarded was a declaration that Bell had not complied with the arbitrator's award and attorney's fees. Once again, we decide an appeal whose sole real issue is the right to attorney's fees. Finding the trial judge's decision on the facts supported by the evidence, and his award of attorney's fees within the discretion imparted to him, we affirm.

■ Bell seeks dismissal on the ground that the new collective bargaining agreement recognizing the TAE position has mooted this suit. That there is no longer any controversy for the future does not render the suit moot. There was a real and substantial controversy between the parties when suit was filed, and that controversy continued until the day of judgment. It concerned whether or not, at the time suit was filed, and until the new agreement was ratified, Bell had complied with the arbitrator's award. The new collective bargaining agreement made injunctive relief unnecessary, but it did not foreclose the union's right to attorney's fees for seeking compliance with the arbitrator's award prior to signing of the agreement. The award of attorney's fees, in turn, necessitated a determination that the employer had unjustifiably refused to comply with the arbitrator's award. Bell cannot escape the consequences of its past failure to comply with the arbitrator's award by entering into an agreement for the future.

■ While the company did adduce evidence to support its position concerning the lack of similarity between the previous TAE classification and the one later created within the bargaining unit, the record amply supports the trial judge's conclusion that the two jobs were the same. This conclusion is binding on us unless clearly erroneous, Fed. R. Civ. P. 52(a); *Pullman-Standard v. Swint*, —— U.S. ——, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982). There was testimony that the new TAE jobs were filled by the same people who had served in the abolished classification, on the company's insistence, even though the jobs had been brought under the umbrella of the collective bargaining agreement. There was also testimony that the duties were substantially the same even though the job description itself was changed.

■ Turning to what is ultimately at issue, the question of attorney's fees, the prevailing litigant under the American rule, in the absence of statutory authorization, is not ordinarily entitled to collect attorney's fees from the loser. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141, 147 (1975). Section 301 of the LMRA does not specifically provide for costs and attorney's fees in suits for enforcement of arbitration awards, but we have held that, when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded. *International Ass'n of Machinists, Dist. 776 v. Texas Steel Co.*, 538 F.2d 1116, 1121–22 (5th Cir. 1976), *cert. denied*, 429 U.S. 1095, 97 S.Ct. 1110, 51 L.Ed.2d 542 (1977); *International Union of Dist. 50, UMW v. Bowman Transportation Co.*, 421 F.2d 934, 935 (5th Cir. 1970). The district court concluded that the company's refusal to abide by the arbitrator's award was without justification, making judicial enforcement neces-

NLRB Region 16 held a hearing on the complaint in May 1982, but has not yet filed a decision. The complaint characterizes Item 13 as a nonmandatory subject of bargaining, and charges that Bell's insistence on Item 13 as a condition of any collective bargaining agreement constitutes an unfair labor practice. The complaint further states that BPEA and Bell bargained to impasse, and that BPEA refused to accede to Bell's demand. The complaint assumes, then, that no collective bargaining agreement has been reached. Whether or not such an agreement has been made is a matter within the jurisdiction of the NLRB. For purposes of this appeal, we accept the district court's finding that the agreement was ratified. *General Warehousemen and Helpers Local 767 v. Standard Brands, Inc.*, 560 F.2d 700, 703–04, (5th Cir. 1977), *rh'g en banc*, 579 F.2d 1282, 1289 (1978), *cert. dismissed*, 441 U.S. 957, 99 S.Ct. 2420, 60 L.Ed.2d 1075 and 443 U.S. 913, 99 S.Ct. 3103, 61 L.Ed.2d 877 (1979). Should the NLRB conclude that the agreement was not ratified, BPEA may request the district court to review its conclusions on the appropriateness of injunctive relief.

sary, and that an award of attorney's fees would further the federal labor policy favoring voluntary arbitration. The finding that the company acted without justification is not clearly erroneous, and the award was within the discretion which we have imparted to the district court. *Id.*

For these reasons, the judgment is AFFIRMED.