AIR LINE PILOTS ASSOCIATION
INTERNATIONAL, Plaintiff,

v.

TEXAS INTERNATIONAL AIRLINES,
INC., Defendant.

ASSOCIATION OF FLIGHT
ATTENDANTS, Plaintiff,

v.

TEXAS INTERNATIONAL AIRLINES,
INC., Defendant.

Civ. A. Nos. H–81–2200, H–82–363.

United States District Court,
S.D. Texas,
Houston Division.

June 30, 1983.

Michael E. Abram, Atty. in Charge, Cohen, Weiss & Simon, New York City, Bruce Fickman, Local Counsel, Chris Dixie & Associates, Houston, Tex., for plaintiffs.

L. Chapman Smith, Baker & Botts, Houston, Tex., for defendant.

### MEMORANDUM AND ORDER

SEALS, District Judge.

Presently before the Court are defendant's motion to stay injunctive relief pending appeal, the unopposed motion of the Union of Flight Attendants (UFA) to be substituted for the Association of Flight Attendants (AFA) as party plaintiff, and plaintiffs' motion for reasonable attorneys' fees. The Court in its Memorandum and Order of April 21, 1983, among other things, concluded that the plaintiffs had by their respective grievances raised a legitimate question concerning the application or interpretation of an existing collective bargaining agreement, satisfying the "arguable basis" standard. *See REA Express, Inc. v. Brotherhood of Railway, Airline and Steamship Clerks,* 459 F.2d 226, 231 (5th Cir.), *cert. denied,* 409 U.S. 892, 93 S.Ct. 115, 34 L.Ed.2d 149 (1972). Thus, plaintiffs were entitled, pursuant to the Railway Labor Act (RLA), to an order compelling arbitration of their respective grievances before the System Board of Adjustment. *Aaxico Airlines, Inc. v. Air Line Pilots Association,* 331 F.2d 433 (5th Cir.), *cert. denied,* 379 U.S. 933, 85 S.Ct. 333, 13 L.Ed.2d 344 (1964), *rehearing denied,* 379 U.S. 985, 85 S.Ct. 645, 13 L.Ed.2d 578 (1965).

### DEFENDANT'S MOTION TO STAY INJUNCTIVE RELIEF PENDING APPEAL

Defendant, in its motion to stay, maintains that it has presented a substantial case on the merits involving a serious legal question, and that the balance of the equities weighs heavily in favor of granting its motion to stay. In deciding whether to issue a stay, the Court must consider:

> (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.

*O'Bryan v. Estelle,* 691 F.2d 706, 708 (5th Cir.1982), *quoting, Ruiz v. Estelle,* 666 F.2d 854, 856 (5th Cir.1982).

> While "the movant need not *always* show a probability of success on the merits," he must "present a substantial case on the merits when a serious legal question is involved and show that *the balance of the equities,*" [i.e., the other three factors] "*weighs heavily in the favor of granting the stay.*"

*Id.* (emphasis in original).

While it may well be argued that the defendant has presented a substantial case on the merits, with serious legal questions involved, the Court is nevertheless persuaded that previous pronouncements by the Supreme Court point, with a substantial degree of clarity, to the result reached by this Court, that the issue raised by the plaintiff is properly within the realm of Adjustment Board Jurisdiction. Further, the Court is of the opinion that the defendant has failed to show that the balance of the equities weighs heavily in favor of granting a stay.

The analytical problem in this case flows from the fact that there is more than one interested group of employees potentially affected by the ultimate resolution of this controversy. The dispute, in other words, has overtones of a jurisdictional nature. Nevertheless, where resort must be had to the terms of an existing collective bargaining agreement for the purpose of settling a jurisdictional dispute, the Supreme Court has stated in no uncertain language that the Adjustment Board possesses primary

jurisdiction to resolve the issue. *Transportation-Communication Employees Union v. Union Pacific Railroad Co.,* 385 U.S. 157, 87 S.Ct. 369, 17 L.Ed.2d 264, *rehearing denied,* 385 U.S. 1032, 87 S.Ct. 737, 17 L.Ed.2d 680 (1966).

In the *Transportation-Communication Employees Union* case Justice Fortas, joined by Chief Justice Warren, dissented, among other things, on the ground that the Railroad Adjustment Board had no jurisdiction under the RLA to resolve controversies involving the claims of competing unions. The dissenters argued that the Adjustment Board was only empowered to act in disputes or interpret agreements between a carrier and a union. But even the dissenters agreed that the Adjustment Boards may entertain a controversy affecting a jurisdictional dispute where "it comes to the board in the limited and constricted form of a dispute between a union and a carrier as to the meaning and application of their agreement."[1] *Id.* 385 U.S. at 179, 87 S.Ct. at 380 (Fortas, J., dissenting).

The substantive issues aside, the Court is of the opinion that the balance of the equities weighs heavily in favor of an expeditious resolution of this dispute and, thus, the granting of a stay of the Court's order compelling arbitration before the System Board of Adjustment would be inappropriate. "The [carrier], its employees, and the public, for all of whose benefits the Railway Labor Act was written, are entitled to have a fair, expeditious hearing to settle disputes of this nature." *Id.* at 162, 87 S.Ct. at 372. *See Order of Railway Conductors v. Pitney,* 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318 (1945).

MOTION FOR ATTORNEYS' FEES

■ Plaintiffs maintain that pursuant to § 3, First (p), of the RLA, 45 U.S.C. § 153, First (p) (1976), they are entitled to reasonable attorneys' fees for the prosecution of

this action to compel arbitration of their respective grievances before the System Board of Adjustment. Section 153, First (p) provides for reasonable attorneys' fees in a proceeding before the district court to enforce compliance with an order of the Adjustment Board in the event that the petitioner ultimately prevails. Plaintiffs argue that "TI's refusal to proceed to arbitration denied effect to a System Board's award by *preventing* any award from being issued." (Plaintiffs' motion for attorneys' fees at 7) (emphasis in original). The plaintiffs have cited no authority to support this proposition, and the Court is not persuaded to accept this analysis. Thus, the plaintiffs have failed to show a statutory entitlement to an award of attorneys' fees under the provisions of the RLA.

The Supreme Court has noted certain exceptions to the "American rule" that attorneys' fees are not ordinarily recoverable by the prevailing party in federal litigation absent statutory authorization. These include "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622–1623, 44 L.Ed.2d 141 (1975). In the labor-management arbitration context, federal courts have seen fit to award attorneys' fees. The Fifth Circuit has upheld the awarding of attorneys' fees where a union has sought to enforce an arbitrator's decision, and the lower court found the refusal to abide by the award to be without justification. *District 776, International Association of Machinists and Aerospace Workers v. Texas Steel Co.,* 538 F.2d 1116 (5th Cir.), *cert. denied,* 429 U.S. 1095, 97 S.Ct. 1110, 51 L.Ed.2d 542 (1976); *District 50, United Mine Workers v. Bowman Transportation, Inc.,* 421 F.2d 934 (5th Cir.1970).

*Railway, Airline and Steamship Clerks v. St. Louis S.W. Railway Co.,* 676 F.2d 132 (5th Cir.1982) (board order is voidable not void where notice was not given to interested party).

---

1. The *Transportation-Communication Employees Union* case also lends further support to the proposition that the New York Air pilots must be given the opportunity to appear before the System Board of Adjustment in its resolution of the pending grievances. *Cf. Brotherhood of*

More to the point, attorneys' fees have been awarded in actions to compel arbitration where the company's arguments were found to be in bad faith, *Local No. 4, International Brotherhood of Electrical Workers, AFL–CIO v. Radio Thirteen Eighty, Inc.,* 469 F.2d 610, 615 (8th Cir.1972); *Local No. 6, International Longshoremen's and Warehousemen's Union v. Cutter Laboratories,* 552 F.Supp. 979, 981 (N.D.Cal.1982), unjustified and lacking a reasonable chance of prevailing, *Electrical Workers v. Thomas Electronics,* 96 L.R.R.M. 2236, 2241 (N.D. Tex.1977), or frivolous. *American Federation of Television and Radio Artists, AFL–CIO v. Taft Broadcasting Co., Station WDAF,* 368 F.Supp. 123, 130 (W.D.Mo. 1973). In this protracted and complex litigation, framed in the often confusing and analytically mired context of the RLA, the Court does not find that the defendant's position in the instant litigation was either frivolous, unjustified, or interposed in bad faith. Thus, absent statutory authorization, the Court finds no other basis for an award of attorneys' fees in the instant action.

## UNOPPOSED MOTION TO SUBSTITUTE THE UNION OF FLIGHT ATTENDANTS FOR THE ASSOCIATION OF FLIGHT ATTENDANTS

■ At the time of the commencement of this action, the AFA was the certified bargaining representative for the flight attendants employed by Texas International Airlines, Inc. (TI). Following the operational merger of TI and Continental Airlines, Inc. (Continental), on October 31, 1982, the UFA requested the National Mediation Board to hold an election to determine the exclusive bargaining representative for the combined craft or class of flight attendants on the newly merged carrier. On January 12, 1983, the UFA was certified as the bargaining representative for the combined TI/Continental flight attendants. The UFA apparently now has sole responsibility for enforcing the 1980 TI/AFA collective bargaining agreement. Accordingly, the UFA now seeks to be substituted in place of the AFA for purposes of this litigation.

■ It is somewhat unclear to the Court for what purposes the UFA seeks substitution; the purpose, however, determines the propriety of granting or denying its motion. To the extent that the UFA seeks substitution in order to represent the flight attendants before the System Board of Adjustment, such substitution is appropriate and will be granted.[2]

■ Rule 25(c), Fed.R.Civ.P., has application only to actions "pending" in the district courts. Nevertheless, substitution after judgment may be rendered in the district court, among other things, for the purpose of subsequent proceedings to enforce a judgment. *Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.,* 566 F.2d 8 (7th Cir.), *cert. denied,* 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1977). "Thus, it would seem that substitution pursuant to Rule 25 would be proper where, by motion, a judgment is sought to be enforced, ... and substitution of a party is necessary." 3B J. Moore, Moore's Federal Practice ¶ 25.03[1] at 25–28 (2d ed. 1982). Therefore, to the extent that substitution is sought for the purpose of enforcing the Court's judgment (i.e., to enable the UFA to appear before the System Board of Adjustment) the motion to substitute the UFA for the AFA is granted.

Rule 25, however, has no application in the appellate courts. Substitution of parties for purposes of appeal is controlled by Rule 43, Fed.R.App.P. Substitution of a party for reasons other than death is controlled by Rule 43(b), and the procedures described in Rule 43(a) control the method of securing substitution of parties. Rule 43(a) provides that "[a]fter the notice of appeal is filed substitution shall be effected in the court of appeals...." Notice of appeal was filed on May 9, 1983, and the

**2.** The UFA has not clearly indicated to the Court whether its substitution in this action is necessary in order to appear before the Adjustment Board as the representative of the flight attendants.

instant motion was filed on May 19, 1983. Thus, the UFA must seek substitution in the court of appeals for purposes other than the enforcement of the Court's judgment.

For the reasons stated above, the Court hereby ORDERS:

(1) defendant's motion to stay injunctive relief pending appeal is DENIED;

(2) plaintiffs' motion for attorneys' fees is DENIED; and

(3) the motion of the UFA to be substituted as party plaintiff for the AFA is GRANTED IN PART AND DENIED IN PART.