**INTERNATIONAL CHEMICAL WORK-ERS UNION (AFL-CIO), LOCAL NO. 227, Plaintiff-Appellee, Cross-Appellant,**

v.

**BASF WYANDOTTE CORPORATION, Defendant-Appellant, Cross-Appellee.**

**Nos. 1368, 1289, Dockets 85–7216, 85–7224.**

United States Court of Appeals, Second Circuit.

Argued June 17, 1985.

Decided Sept. 25, 1985.

Dominick Tocci, Albany, N.Y., for plaintiff-appellee.

Joel Spivak, Great Neck, N.Y. (Solotoff & Spivak, Great Neck, N.Y., of counsel), for defendant-appellant.

Before VAN GRAAFEILAND and PRATT, Circuit Judges, and RE, Chief Judge, United States Court of International Trade.*

RE, Chief Judge:

Defendant, BASF Wyandotte Corporation (BASF), appeals from an order of the United States District Court for the Northern District of New York, confirming and enforcing an arbitration award which awarded back pay and reinstatement to a discharged employee. Plaintiff-appellee, International Chemical Workers Union, Local 227 (the Union), appeals from the district court's denial of the Union's motion for attorney's fees. For the reasons that follow, we affirm the award of back pay up to and including August 31, 1984. That portion of the judgment requiring reinstatement and back pay after August 31, 1984 is reversed. The district court's denial of attorney's fees is affirmed.

### Background

On December 16, 1982, Edsall Walker, a janitor who was covered by a collective bargaining agreement between the Union and BASF, was discharged allegedly for loafing and sleeping on the job. Contending that there was no good and sufficient reason for his termination, Walker pursued the company's grievance procedures without success. Pursuant to the collective bargaining agreement, the Union requested arbitration of the dispute, and sought back pay and reinstatement for Walker.

In a written opinion dated May 5, 1984, the arbitrator found that Walker had been improperly discharged, and ordered back pay and reinstatement. When BASF refused to reinstate Walker or provide back pay, the Union brought this action to confirm and enforce the award pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982). BASF cross-petitioned to vacate the award.

The case was complicated, however, when, on September 1, 1984, subsequent to the arbitrator's award but prior to the district court's decision, the Union and BASF entered into a new collective bargaining agreement in which Walker's position was eliminated from the bargaining unit. In its motion to vacate the award before the district court, BASF contended that the arbitrator exceeded her authority and jurisdiction, that her findings were so patently erroneous as to indicate partiality, and that she was guilty of misconduct. Alternatively, BASF argued that the new collective bargaining agreement made reinstatement and back pay after August 31, 1984, impossible.

The district court rejected BASF's challenges to the validity of the arbitrator's award. In addition, the district court held that, notwithstanding the elimination of Walker's position in the new agreement, BASF was required to reinstate Walker. Since the court found BASF's position in the litigation justifiable, it denied the Union's motion for attorney's fees.

On appeal, the defendant, BASF, challenges only that part of the district court's

* The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

order which requires reinstatement and back pay after August 31, 1984. It does not challenge that portion of the judgment which awards back pay from the date of the discharge up to and including August 31, 1984. Since the district court properly upheld that portion of the arbitrator's award, that portion of the judgment requiring back pay until and including August 31, 1984, is affirmed.

The questions presented on appeal are: (1) whether the district court erred in requiring reinstatement and back pay after the date of the new collective bargaining agreement, and (2) whether the Union is entitled to payment of attorney's fees.

Since we hold that the elimination of Walker's position in the new collective bargaining agreement presents a new and distinct issue, neither covered nor contemplated by the arbitration award, we reverse that portion of the district court's judgment which ordered reinstatement and back pay after August 31, 1984. We also conclude that, since BASF has presented substantial issues in this litigation, the district court did not abuse its discretion in denying the Union's motion for attorney's fees.

### Reinstatement

■ It is well recognized that it is not within the province of the federal courts to review the merits of an arbitration award. *See, e.g., United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 569, 80 S.Ct. 1343, 1347, 4 L.Ed.2d 1403 (1960); *National Union of Elevator Constructors, AFL-CIO v. National Elevator Indus., Inc.*, 772 F.2d 10, 12 (2d Cir.1985). Since arbitration is essential to this nation's system of labor-management relations, in cases in which the arbitrator acts within the authority granted by contract, the courts must defer to the arbitrator's decision. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409 (1960).

■ The courts, however, will review an arbitrator's award to determine if it "draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp., supra*, 363 U.S. at 597, 80 S.Ct. at 1361; *see Connecticut Light & Power Co. v. Local 420, Int'l Brotherhood of Elec. Workers*, 718 F.2d 14, 19 (2d Cir.1983); *Wire Service Guild, Local 222 v. United Press Int'l, Inc.*, 623 F.2d 257, 261 (2d Cir.1980). Thus, it is clear that it is the collective bargaining agreement that is the underlying foundation of an arbitrator's decision.

■ The arbitrator in this action ordered BASF to reinstate Walker with back pay to the janitorial position he held under the collective bargaining agreement at the time of his wrongful discharge. The arbitrator, however, handed down her decision before the new collective bargaining agreement was signed which eliminated Walker's position. She did not consider, therefore, the effect of the award under the new agreement.

The old agreement expired on August 31, 1984 and the new agreement became effective the next day, September 1, 1984. In that new contract, all janitorial duties were transferred from the bargaining unit to non-unit personnel. The Union and BASF agreed that only certain named personnel in the unit would continue to perform janitorial duties. When these workers resigned, retired or transferred, their duties would be filled by non-unit personnel.

Reinstatement would have placed Walker in a position similar to that of the other janitorial staff at BASF. Therefore, when the new collective bargaining agreement was negotiated by the Union and BASF, Walker was subject to any changes agreed to by the parties. The arbitrator's order of reinstatement did not guarantee Walker "perpetual job security"; it merely restored him to his status as a janitor under the old collective bargaining agreement with the same rights as any other janitor. *See Chicago Newspaper Guild v. Field Enterprises, Inc.*, 747 F.2d 1153, 1156 (7th

Cir.1984). Walker was still subject to any changes that the parties negotiated in the new agreement. Consequently, it cannot be said that the reinstatement order required BASF to retain Walker in the event of a future job reclassification under a subsequently negotiated collective bargaining agreement. *See Service Employees Int'l Union, Local 144 v. Metropolitan Jewish Geriatric Center,* 94 L.R.R.M. (BNA) 3151, 3152 (S.D.N.Y.1977).

In the *Service Employees Int'l Union, Local 144* case, a similar situation arose when Barbara Hillary, a nurse at the Metropolitan Jewish Geriatric Center (the Hospital), was discharged from her position as supervising head nurse. The Union submitted the matter of her discharge to arbitration. The arbitrator determined that her wrongdoing did not merit dismissal from her job, and converted the discharge to a six week suspension without pay. Thus, the arbitrator awarded Hillary back pay for seven of the thirteen weeks she missed, and ordered the Hospital to reinstate her immediately.

Before the award was issued, however, Hillary's position of supervising registered nurse was reclassified as a supervisory position and excluded from the Union's bargaining agreement by the National Labor Relations Board. The Hospital never reinstated Hillary, but complied with the award by paying Hillary seven weeks back pay plus one additional day's pay.

The Union, on behalf of Hillary, brought an action in the United States District Court for the Southern District of New York to confirm and enforce the arbitrator's award. The court reasoned that because Hillary was no longer covered by the collective bargaining agreement, she could be discharged at any time after her reinstatement as an employee-at-will. The court held that the practical effect of paying her one day's wages, in addition to seven weeks back pay, was to "reinstate" her. *Id.*

The circumstances in this action are similar. The arbitrator awarded Walker back pay, and ordered BASF to reinstate him

under the old collective bargaining agreement. However, that agreement expired on August 31, 1984, and his position was eliminated under the subsequent agreement. Payment to Walker of back wages up until the date of the new agreement, September 1, 1984, has the practical effect of "reinstating" Walker under the old collective bargaining agreement.

We express no opinion as to whether Walker has a claim against BASF for failing to rehire him. That question was never addressed by the arbitrator in the arbitration hearings. The issue of Walker's right to be rehired under the new collective bargaining agreement is a new and separate issue. *See Hellman v. Program Printing, Inc.,* 400 F.Supp. 915, 918 (S.D.N.Y.1975); *Detroit and Midwestern States Joint Board v. White Tower Laundry and Cleaners,* 353 F.Supp. 168, 169–70 (E.D. Mich.1973); *Transport Workers Union of Philadelphia, Local 234 v. Philadelphia Trans. Co.,* 228 F.Supp. 423, 426 (E.D.Pa. 1964). As the Court of Appeals for the First Circuit has stated, "unless 'it is beyond argument that there is no material factual difference between the new dispute and the one decided in the prior arbitration that would justify an arbitrator's reaching a different conclusion,' the case must go to fresh arbitration rather than to the court for judicial enforcement." *Derwin v. General Dynamics Corp.,* 719 F.2d 484, 491 (1st Cir.1983) (quoting *Boston Shipping Ass'n v. International Longshoremen's Ass'n,* 659 F.2d 1, 4 (1st Cir.1981)); *see Oil, Chemical and Atomic Workers, Local No. 4–16000 v. Ethyl Corp.,* 644 F.2d 1044, 1051 (5th Cir.1981).

In this case, it is clear that the question of Walker's rights under future collective bargaining agreements was never addressed by the arbitrator. Whether Walker may have a meritorious claim against the company because of its failure to rehire him, is a claim that should not be litigated for the first time as part of a motion to confirm. If, under the terms of the old collective bargaining agreement, that dispute was also arbitrable, would be a matter

for the arbitrator to decide. *See Hellman v. Program Printing, Inc.,* 400 F.Supp. 915, 918 (S.D.N.Y.1975).

### Attorney's Fees

The Union appeals the district court's denial of its motion for attorney's fees. Under the prevailing American rule, in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *Colavito v. Hockmeyer Equipment Corp.,* 605 F.Supp. 1482, 1488 (S.D.N.Y.1985). Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award. *See Bell Production Engineers Ass'n v. Bell Helicopter Textron,* 688 F.2d 997, 999 (5th Cir.1982); *Children's Hosp. v. Buffalo & Western New York Hosp. & Nursing Home Council,* 582 F.Supp. 1147, 1154 (W.D.N.Y.1984). Pursuant to its inherent equitable powers, however, a court may award attorney's fees when the opposing counsel acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *Hall v. Cole,* 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1945–1946, 36 L.Ed.2d 702 (1973).

As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Bell Production Engineers Ass'n, supra,* 688 F.2d at 999.

The district court determined that BASF had a justifiable basis for this litigation. In light of BASF's success on appeal, it is clear that the district court did not abuse its discretion in denying the motion for attorney's fees. Therefore, the district court's denial of the Union's motion for attorney's fees is affirmed.

### Conclusion

It is the holding of this Court that the district court erred in requiring reinstatement and back pay to Walker after August 31, 1984, the date of the expiration of the old collective bargaining agreement. Thus, that portion of the judgment of the district court enforcing the arbitrator's award after August 31, 1984 is reversed. The district court's denial of the Union's motion for attorney's fees is affirmed.