Michael HUNT as Secretary/Treasurer of Local 295, International Brotherhood of Teamsters, Petitioner,

v.

COMMODITY HAULAGE CORP.; Forwarders Expedited Delivery Service; Johnco; Midpark Air Freight; Ruane Corp.; Sanders Trucking Co., Inc.; S & R Truck Washing and Multi Cleaning Services, Inc.; T.H. Joy & Co.; Triple M/Sunrise and W.N. Transport, Respondents.

Misc. No. 86–0289.

United States District Court, E.D. New York.

Nov. 6, 1986.

Stephen H. Kahn, New York City, for petitioner.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

Petitioner, Local 295, International Brotherhood of Teamsters ("the Union"), has moved this Court for an order directing entry of a judgment confirming labor arbitration awards which directed the respondent employers to remit to the Union certain contributions and payments that are mandated by a collective bargaining agreement entered into by the parties. Respondents are ten corporations engaged in the air freight business whose employees are represented by the Union. Although respondents were duly notified of this motion, they did not submit any opposition to petitioner's request for confirmation of the arbitration awards.

The Union and each respondent employer entered into a Master Collective Bargaining Agreement, (the "Collective Bargaining Agreement"), effective from September 1, 1985 to August 31, 1988. The Collective Bargaining Agreement provides, among other things, that (i) the employer is to contribute specified sums to a pension fund and a welfare fund; (ii) the employer is able to deduct and tender to the Union dues from the paychecks of those employees who had authorized the employer to do so, and that a failure to forward such dues could result in a 20% liquidated damages assessment against the employer. The Trust Agreement establishing the pension and welfare funds is incorporated by reference into the Collective Bargaining Agreement and pursuant to section 502(g) of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1132(g), provides for the award of interest and 20% liquidated damages on delinquent contributions. The Local 295 Joint Grievance Settlement Board Agreement (the "Arbitration Agreement"), which is part of the Collective Bargaining Agreement, provides that any dispute between the Union and the employer under the Collective Bargaining Agreement is to be resolved by a Joint Grievance Settlement Board (the "JGSB"). Any JGSB decision rendered by a majority of its members is to be final and binding upon the parties.

On April 4, 1986, the Union submitted its grievances concerning the employers' delinquent benefit fund and Union dues payments to the JGSB. The JGSB notified each respondent employer that a hearing on these grievances would be held on May 1, 1986. On May 1, 1986, the Union and only two of the respondents (Commodity Haulage Corp. and S & R Truck Washing and Multi Cleaning Services, Inc.) appeared before the JGSB. After hearing the evidence, the JGSB, by unanimous decision, entered awards against each employer. The Arbitration Agreement provides that in the event a party fails to appear before the JGSB, the JGSB shall render its decision on the evidence presented.

The arbitration awards are comprised of the delinquent contributions to the pension and welfare funds, including interest thereon; the delinquent Union dues; 20% liquidated damages on the delinquent contributions and dues; attorneys fees; and interest from May 1, 1986 until the date of payment. The JGSB also restrained each employer from becoming delinquent in future contributions and payments. To date, none of the employers has paid the awards.

█ Section 9 of the United States Arbitration Act, 9 U.S.C. § 9 and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, confer jurisdiction on a district court to compel the payment of an arbitration award. However, "it is not within the province of the federal courts to review the merits of an arbitration award." *International Chemical Workers v. BASF Wyandotte Corp.*, 774 F.2d 43, 45 (2d Cir. 1985). *See also United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 569, 80 S.Ct. 1343, 1347, 4 L.Ed.2d 1403 (1960). Arbitration's essential role in this nation's system of labor-management relations requires that courts defer to an arbitration decision where the arbitrators have acted within the authority granted them by the contract between the parties. *International Chemical Workers*, 774 F.2d at 45. A court will compel compliance with an arbitration award where the arbitration board's decision is made final and binding in accordance with the terms of a collective bargaining agreement entered into by the parties. *General Drivers, Warehousemen et al. v. Riss and Co.*, 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963); *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960).

█ Section 6 of the Arbitration Agreement gives the JGSB the power to "make such decisions or awards as to them seem just". The JGSB could award money damages or other justified relief and may also order the restraint of certain conduct. This Court finds that the awards entered by the JGSB were based upon the terms of

the Collective Bargaining Agreement and made final and binding by the Arbitration Agreement. Therefore, petitioner's motion is hereby granted and the Clerk of the Court shall enter a judgment confirming the arbitration awards.

Petitioner also seeks an award of attorneys' fees to cover the expense of this proceeding. Generally, attorneys' fees are not awarded absent statutory authority to do so. *International Chemical Workers,* 774 F.2d at 47. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, pursuant to which the instant motion is made, does not provide for the award of attorneys' fees. When this statutory authority is lacking, a court may award attorneys' fees as an equitable matter if opposing counsel has acted in bad faith, vexatiously, or wantonly. *International Chemical Workers,* 774 F.2d at 47. In suits to confirm arbitration awards, such attorneys' fees are awarded only when the party challenging such award, without justification, refuses to abide by the arbitrator's decision. *Id.* (quoting *Bell Production Engineers Association v. Bell Helicopter Textron,* 688 F.2d 997, 999 (5th Cir. 1982)).

It would be difficult in this case to conclude that attorneys' fees and costs, no matter how modest, should not be awarded petitioner. Judicial enforcement of these arbitration awards should not have been necessary. Respondents had agreed, as the Collective Bargaining Agreement reflects, to submit these disputes to arbitration and to be bound by the arbitrators' determination. Apparently defenseless, all but two of the respondent companies chose not to participate in the arbitration proceedings. Following unanimous decisions against them, all respondents ignored these rulings and their contractual obligations to abide by them, thereby necessitating this Court's intervention. Not surprisingly, none of the respondents has opposed this application.

Alternative dispute resolution of any kind is a laudable and worthy goal. Whether required by agreement as in this case or simply pursued as an efficient and fair method of resolving differences between parties, any form of non-litigative dispute resolution requires good faith and a measure of responsibility to work. Respondents have demonstrated neither. There is simply no basis upon which this Court may properly conclude that these defaulting respondents acted with justification in ignoring the arbitrators' awards and their resulting responsibilities. Accordingly, an award of attorneys' fees and costs is appropriate and petitioner's motion is therefore granted.

Counsel for petitioner shall submit an affidavit or affirmation settling forth the amount of fees and costs requested and the appropriate documentation therefor, with copies to respondents, within twenty (20) days from the date hereof.

SO ORDERED.