United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2003**

Charles R. Fulbruge III
Clerk

Revised July 31, 2003

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

02-11081

_____


PIONEER NATURAL RESOURCES USA, INC.,

                    Plaintiff-Counter Defendant-Appellee,

                    VERSUS

PAPER, ALLIED INDUSTRIAL, CHEMICAL AND ENERGY WORKERS
                INTERNATIONAL UNION LOCAL 4-487,

                    Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
_____

**ON PETITION FOR REHEARING**

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:

        IT IS ORDERED that the petition for rehearing is denied.  Our

opinion dated May 7, 2003, 328 F.3d 818, is modified in part, by

replacing part III of that opinion with the following part III:

III.

        The Union first disputes the district court's limitation of

the arbitration awards to the period before the Union was

decertified.  When the NLRB decertified the Union on September 18,

2000, the CBA automatically terminated by operation of law.  See Sheet Metal Workers' Int'l Ass'n. Local 206 v. West Coast Sheet Metal Co., 954 F.2d 1506 (9th Cir. 1992) (holding that CBA became void prospectively as of the decertification of the Union).  Courts should find an arbitrator's award legitimate if "it draws its essence from the collective bargaining agreement."  United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).  The three arbitrators in this case handed down their decisions before the Union was decertified and thus they could not have considered the effect of the award after termination of the CBA.  Compare id. 363 U.S. at 597-98 (discussing arbitrator's opinion which considered the effect of CBA's expiration) with Int'l Chem. Workers Union v. BASF Wyandotte Corp., 774 F.2d 43, 45 (2nd Cir. 1985) (in which arbitrator had handed down decision before new CBA and did not consider effect of award under the new agreement).

Reinstatement put the three employees in the same position as other employees formerly covered by the CBA.  When the Union was decertified, such employees lost all job protection under the CBA. With no promise of continued employment, they could be discharged as at-will employees.  See Hospital Employees, Local 1273 v. Deaton Hosp. & Med. Ctr., 671 F. Supp. 1049, 1051 (D. Md. 1986).  In such a case, the payment of back pay wages through the date the CBA expires has the practical effect of "reinstating" then re-terminating the employees.  Int'l Chem. Workers, 774 F.2d at 46.

2

The court correctly amended the judgment to enforce the awards only through September 17, 2000.