**David RAFF, Plaintiff,**

v.

**Paul C. MAGGIO, d/b/a Patchogue Nursing Center, Defendant.**

**No. CV 89–3235.**

United States District Court, E.D. New York.

April 17, 1990.

Paul Raff, New York City, for plaintiff.

Block, Amelkin & Hamburger by Richard Hamburger, Smithtown, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

David Raff ("plaintiff") brings this suit to recover fees, expenses, prejudgment interest and attorneys' fees with respect to his service as arbitrator in connection with a labor dispute. Named as defendant is Paul C. Maggio, ("defendant"), who, as the employer involved with the arbitrated labor dispute, is liable for half the cost of the arbitrator's fees according to a collective bargaining agreement. Currently before the Court is defendant's motion to dismiss, pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, for lack of federal subject matter jurisdiction. After a brief recitation of the facts, the Court will address defendant's motion.

### I.

Defendant is the sole proprietor of a skilled nursing home facility in Patchogue, New York. He owns and operates the facility and is responsible for all management decisions. As operator of the home, defendant entered into a collective bargaining agreement with Local 1199 of the Drug Hospital and Health Care Employees Union ("Local 1199"), which agreement was in effect in 1987 and 1988. One clause of the agreement stated that unresolved grievances between the parties were to be arbitrated pursuant to the Voluntary Labor Arbitration Rules of the American Arbitration Association ("AAA Rules"). The agreement further stated that the arbitrator's award would be conclusive and binding, and that each party would equally bear the fees and expenses of the arbitrator.

Plaintiff herein was designated to sit as arbitrator for an unresolved grievance involving defendant's discharge of an employee. He presided over four hearings before issuing an opinion and award ordering the reinstatement of the employee. Each party was billed for half of plaintiff's $5,500 fees and costs. Local 1199 timely paid its portion, but defendant withheld his share of the bill.

While plaintiff's demand for payment went unanswered, defendant appealed to this Court to vacate the arbitrator's award on the basis that it violated public policy. This Court confirmed the award. *Maggio v. Local 1199*, 702 F.Supp. 989 (E.D.N.Y. 1988). At this point, defendant informed plaintiff that he was considering further appeal of the matter and would continue to withhold payment. Following an appeal, the Second Circuit affirmed this Court's decision without opinion. *Maggio v. Local 1199*, 880 F.2d 1319 (2nd Cir.1989). However, Maggio still refused to pay his share as he appealed the case to the Supreme Court. Defendant finally attempted to settle his bill by offering full payment plus interest only when certiorari was denied by the Supreme Court on October 30, 1989. *Maggio v. Local 1199*, —— U.S. ——, 110 S.Ct. 329, 107 L.Ed.2d 319 (1989).

Plaintiff, however, rejected this offer and demanded additional expenses he had incurred in filing the complaint in the instant case. Defendant is unwilling to pay the additional expenses.

### II.

It has long been settled that § 301 of the Labor Management Relations Act ("§ 301")

has substantive content and "that Congress has directed the courts to formulate and apply federal law to suits for violation of collective bargaining contracts." *Smith v. Evening News Ass'n*, 371 U.S. 195, 199, 83 S.Ct. 267, 270, 9 L.Ed.2d 246 (1962); *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Section 301(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (1978). Plaintiff relies on this section to enforce a provision of the collective bargaining agreement between Local 1199, a labor organization, and Patchogue Nursing Home, an employer.

Although it is clear that the collective bargaining agreement is the type meant to be covered by § 301, and therefore within federal subject matter jurisdiction, it is unclear whether a non-signatory to the agreement may also invoke federal jurisdiction under § 301. The Supreme Court has not taken a restrictive view of *who* may sue under § 301 for violations of such agreements, but neither has it intimated that any action relating to a contract within the coverage of § 301 arises under that section. *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 25 n. 28, 103 S.Ct. 2841, 2854 n. 28, 77 L.Ed.2d 420 (1983).

Section 301 has been broadly interpreted to permit individuals in several categories, other than those in direct privity to the contact, to invoke federal subject matter jurisdiction when the individual has a beneficial interest in the contract. *See, e.g., Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Santos v. District Council of New York City*, 547 F.2d 197 (2nd Cir.1977).

In the case at bar, defendant admitted in his answer that plaintiff had third-party beneficiary status yet denied that this Court had subject matter jurisdiction. Defendant thereafter informed the Court that the admission was an error. The Court will not base its analysis of subject matter jurisdiction solely on an error by defendant, and therefore must consider other factors as well.

■ This Court agrees with plaintiff that the payment clause in the collective bargaining agreement, by making each party liable for half of the fees and costs, was intended to benefit not only the parties to the agreement but also the eventual arbitrator in the collection of his fee. Inasmuch as there never existed any independent contract between the plaintiff-arbitrator and the parties to the collective bargaining agreement, it appears from the circumstances that the parties to the agreement intended the arbitrator's rights to stem directly from the collective bargaining agreement itself.

Furthermore, it was foreseeable that the eventual arbitrator would rely on this provision of the contract when agreeing to arbitrate a grievance, because it would provide some assurance that the parties were contractually bound to pay his fees and costs. Absent such a provision, an arbitrator might be hesitant to accept a nomination.

■ Even if this Court were to deem defendant's answer amended so as not to admit that plaintiff is a third-party beneficiary to the agreement, federal subject matter jurisdiction is nonetheless proper. The adoption of § 301 by Congress reflected an interest in promoting " 'a higher degree of responsibility upon the parties to such agreements....' " *Hines*, 424 U.S. at 561, 96 S.Ct. at 1055 (quoting S.Rep. No. 105, 80th Cong., 1st Sess., 17 (1947)). Although § 301 may not have contemplated a situation such as that in the case at bar, it certainly may be viewed as imputing overall responsibility upon the parties, including payment to the arbitrator for his services.

Furthermore, this case is proper for federal court because of its undeniable connection to the overall labor agreement, which is undoubtedly a federal matter. "[I]t

must be remembered that grievance and arbitration procedures are part and parcel of the ongoing process of collective bargaining." *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987). Even matters such as non-payment of an arbitrator's fee, when so intertwined with a collective bargaining agreement, should remain in federal court for efficiency and expediency.

Although the Court expresses no opinion as to the merits of plaintiff's cause of action for attorneys' fees, for the reasons set forth above the Court deems that it does have subject matter jurisdiction over this controversy. Accordingly, in light of the totality of the circumstances, defendant's motion to dismiss is denied.

SO ORDERED.