**David RAFF, Plaintiff,**

v.

**Paul C. MAGGIO, d/b/a Patchogue Nursing Center, Defendant.**

No. CV 89–3235.

United States District Court,
E.D. New York.

Aug. 23, 1990.

Allegra Fishel, New York City, for plaintiff.

Block, Amelkin & Hamburger, by Richard Hamburger, Smithtown, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

David Raff ("plaintiff") initiated this action to recover fees with respect to his service as arbitrator in connection with a labor dispute. Defendant Maggio, as the employer involved with the arbitrated labor dispute, is liable for half the cost of the arbitrator's fees pursuant to a collective bargaining agreement. Currently before the Court are the parties' cross-motions for summary judgment. After a brief recitation of the facts, the Court will address the motions.

## I. BACKGROUND

Defendant is the sole proprietor of a skilled nursing home facility in Patchogue, New York. He owns and operates the facility and is responsible for all management decisions. As operator of the home, defendant entered into a collective bargaining agreement with Local 1199 of the Drug Hospital and Health Care Employees Union ("Local 1199"), which agreement was in effect in 1987 and 1988. One clause of the agreement stated that unresolved grievances between the parties were to be arbitrated pursuant to the Voluntary Labor Arbitration Rules of the American Arbitration Association ("AAA Rules"). The agreement further stated that the arbitrator's award would be conclusive and binding, and that each party would equally bear the fees and expenses of the arbitrator.

Plaintiff herein was designated to sit as arbitrator for an unresolved grievance involving defendant's discharge of an employee. He presided over four hearings before issuing an opinion and award ordering the reinstatement of the employee. Each party was billed for half of plaintiff's $5,500 fees and costs. Local 1199 timely paid its portion, however, defendant withheld his share of the bill.

While plaintiff's demand for payment went unanswered, defendant appealed to this Court to vacate the arbitrator's award on the basis that it violated public policy. This Court confirmed the award. *Maggio v. Local 1199*, 702 F.Supp. 989 (E.D.N.Y.

1989). Several weeks after confirmation, plaintiff mailed a third request for payment to defendant's counsel at the time, who in turn forwarded the request to defendant along with instructions advising him to pay the fee. At that point, defendant informed plaintiff that he was considering further appeal of the matter and would continue to withhold payment. Following an appeal, the Second Circuit affirmed this Court's decision without opinion. *Maggio v. Local 1199*, 880 F.2d 1319 (2d Cir.1989). Nevertheless, Maggio still refused to pay his share as he considered appealing the case to the Supreme Court.

On September 28, 1989, plaintiff filed the complaint in the case at bar seeking his arbitration fee in addition to interest and attorneys' fees. Only then did defendant attempt to settle the matter by offering payment of plaintiff's fee, plus interest and costs, but excluding attorneys' fees. This particular offer by defendant was made only *after* defendant's petition for a writ of certiorari in the previous matter was denied by the Supreme Court on October 30, 1989. *Maggio v. Local 1199*, —— U.S. ——, 110 S.Ct. 329, 107 L.Ed.2d 319 (1989). Furthermore, defendant's offer was conditioned upon discontinuance with prejudice of the entire action, thereby precluding plaintiff from pursuing his claim for attorneys' fees.

Plaintiff rejected this offer and demanded that payment include attorneys' fees. Defendant's answer to the complaint, dated November 30, 1989, consented to entry of a judgment for plaintiff's arbitration fee plus interest and court costs, but again refused to pay attorneys' fees. Thus, the only issue remaining is whether or not plaintiff is entitled to attorneys' fees. It is to be noted that defendant's motion for dismissal of the instant case on the ground that this Court lacked subject matter jurisdiction was denied in a previous decision. *Raff v. Maggio*, 734 F.Supp. 592 (E.D.N.Y.1990).

## II. DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment when it is shown that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition, "[t]he burden falls on the moving party to establish that no relevant facts are in dispute." *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (citations omitted). With these principles in mind, the Court turns to the case at bar.

### A. *Attorneys' Fees*

■ The commonly referred to "American Rule" is that a prevailing party in litigation may not recover attorneys' fees from the losing party. Instead, each party must pay his own attorneys' fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). However, the Supreme Court has recognized the following three exceptions to this general rule: (1) cases in which a statute or enforceable contract provides for an award of attorneys' fees; (2) cases in which a prevailing plaintiff confers a common benefit upon a class or fund; and (3) where a party willfully disobeys a court order or " 'when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons....' " *Id.* at 257–60, 95 S.Ct. at 1621–23 (citations omitted).

Plaintiff's asserted ground for summary judgment with respect to attorney's fees is that defendant has acted in bad faith. Specifically, Raff alleges that Maggio's meritless and persistent refusal to pay the arbitration fee for over seventeen months, action which necessitated this lawsuit, justifies an award of attorneys' fees.

Defendant argues that his motion for summary judgment should be granted because Raff is not entitled to an award of attorneys' fees as a matter of law. Assuming, *arguendo*, that his motion is denied, Maggio asserts that plaintiff's motion should be denied because under the bad faith doctrine, the issue of bad faith conduct is a question of fact which could only be determined at a trial.

Attorneys' fees may be awarded to a plaintiff when "the defendant has unjustifiably put the plaintiff to the expense of litigation in order to obtain a benefit to which the latter is plainly entitled." *Alyeska Pipeline Co. v. Wilderness Soc'y,* 421 U.S. 240, 279, 95 S.Ct. 1612, 1632, 44 L.Ed.2d 141 (1975) (Marshall, J., dissenting) (citation omitted); *see also, Cape Verde v. A & A Partners,* 89 F.R.D. 14, 21–22 (S.D. N.Y.1980) (holding that plaintiff was entitled to attorneys' fees incurred in prosecuting a cause of action where defendant acted improperly). As the court in *Cape Verde* noted, the Supreme Court's decision in *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), prior to *Alyeska,* approved of an award of attorneys' fees in a case where plaintiff "was forced to hire a lawyer and go to court to get what was plainly owed him...." *Vaughan,* 369 U.S. at 531, 82 S.Ct. at 999. Similarly, the Second Circuit has ruled that when the commencement of an action "clearly should have been unnecessary ... and was compelled by defendants' conduct, counsel fees should have been awarded." *Stolberg v. Bd. of Trustees,* 474 F.2d 485, 490 (2d Cir.1973); *see also, Cape Verde,* 89 F.R.D. at 20–22.

Regarding the standard to be applied, the Second Circuit has held that "to award fees under the bad faith exception a court must find clear evidence that the losing party's claims were 'entirely without color and made for reasons of harassment or delay or for other improper purposes.' " *Sierra Club v. U.S. Army,* 776 F.2d 383, 390 (2d Cir.1985) (citations omitted), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986). In addition, "[t]he test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." *Id.* (citations omitted). More specifically, the Second Circuit reasoned that "[u]nder this test, a claim is 'entirely without color' when it lacks any legal or factual basis." *Id.* (citation omitted). In addition, the Court noted that although there is no precise definition of improper purpose, "it may be evidenced by conduct occurring either before or during trial." *Id.* (citations omitted).

## B. *Colorable Claim*

■ In the case at bar, defendant's position had been that plaintiff was not entitled to his fee because the arbitration award constituted misconduct. Defendant maintained that plaintiff would be entitled to his fee if defendant's petition for writ of certiorari to the Supreme Court in *Maggio v. Local 1199,* 880 F.2d at 1319, was denied. However, if the petition was granted and Raff's award was ultimately vacated, Maggio claimed "that outcome ... [would] ... be dispositive of your [Raff's] claim for a fee." Letter from Defendant to Plaintiff dated Oct. 12, 1989.

■ The test for whether a claim, or defense in this case, is colorable is "whether a reasonable attorney could have concluded that facts supporting the claim *might be established,* not whether such facts actually *had been established.*" *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980) (per curiam). In the instant case, there were no facts which might have been established to support Maggio's position— the arbitrator's fee should have been paid regardless of what may have happened on appeal. In *Wright–Austin Co. v. Int'l Union,* 422 F.Supp. 1364 (E.D.Mich.1976), the court found that regardless of whether an arbitrator's award is confirmed or vacated, where the collective bargaining agreement stated " '[t]he compensation and expenses of the arbitrator shall be shared and paid equally by the parties," each party was bound to pay half of the arbitrator's fee. *Id.* at 1370–71.

■ In the case at bar, the relevant clause of the collective bargaining agreement similarly provided that "[t]he fees and expenses of the ... arbitrator shall be borne equally by the parties." Maggio's position of refusing to pay while waiting to see if the arbitration award was overturned was meritless. During this time, plaintiff sent numerous requests for payment. At least one of the requests made it clear that defendant's obstinate position was unjustified. Moreover, Maggio's attorney instructed him to pay the fee.

The Court further notes the strong federal policy in favor of settling labor disputes through the arbitration process. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). Although § 301 of the Labor Management Relations Act does not provide for the award of attorneys' fees, parties to an arbitration seeking to enforce an arbitrator's decision have been awarded attorneys' fees where the opposing party refused to abide by the decision without justification. *See, e.g., Hunt v. Commodity Haulage Corp.*, 647 F.Supp. 797 (E.D.N.Y.1986) (attorneys' fees awarded to union where employer refused to abide by the arbitration without justification); *cf. Int'l Chemical Workers v. BASF Wyandotte Corp.*, 774 F.2d 43 (2d Cir.1985) (district court did not abuse discretion in denying motion for attorneys' fees in union's suit to enforce arbitration award *where employer had a justifiable basis for litigation* ).

Although plaintiff herein is not seeking to enforce an award, the policy behind compensating a party for attorneys' fees incurred in needlessly enforcing an arbitration agreement is nonetheless applicable. Defendant's position was without color, and forced plaintiff to go to court to enforce a contractual obligation clearly owed. *See Vaughan*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). However, unlike *Vaughan* and other § 301 cases, defendant in the case at bar did not maintain his bad faith position throughout the litigation. Rather, defendant finally conceded his liability in the answer to the complaint in this action, after his petition for writ of certiorari in the previous action was denied.

As discussed above, generally attorneys' fees should only be awarded to compensate for expenses necessary to counter bad faith. *Sierra Club*, 776 F.2d at 392. In *Int'l Union of P.I.W. v. Western Indus.*, 707 F.2d 425 (9th Cir.1983), the trial court awarded attorneys' fees to a union enforcing an arbitration award against an employer who refused to comply without justification. The employer appealed only the issue of attorneys' fees, and the union, on appeal, demanded additional appellate attorneys' fees. The appellate court affirmed the award of attorney's fees by the trial court. However, the court held that, inasmuch as the issue of attorneys' fees under the facts presented was not settled law in the circuit, the employers' challenge on appeal was not wholly devoid of merit, and consequently, *appellate* attorneys' fees were denied. *Id.* at 430.

Analogously, in the instant case, since the time he answered the complaint, defendant has only contested his liability for attorneys' fees. Thus, when defendant conceded that he owed the arbitration fee, the "bad faith" conduct ceased, and the only remaining dispute between the parties involved the first impression issue of attorneys' fees. In other words, although one may find Maggio's argument unpersuasive, in light of the novel nature of the issue, a reasonable attorney could have concluded that facts supporting a denial of attorneys' fees might be established. This is particularly noteworthy since attorneys' fees, as discussed above, should only be awarded to counter bad faith conduct. Thus, given the standard to be applied, litigation over a first impression issue cannot be characterized as bad faith conduct.

However, defendant did maintain a non-colorable defense, in that he instigated the current litigation up to the point at which he conceded his liability for the arbitration fee. Thereafter, defendant no longer maintained a non-colorable defense, and thus he is not liable for attorneys' fees incurred beyond that point.

### C. *Defendant's Conduct*

■ The issue of attorneys' fees under the bad faith exception is concededly one requiring a "high degree of specificity" in factual findings. *Weinberger v. Kendrick*, 698 F.2d 61, 80 (2d Cir.1982), *cert. denied*, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983). As evidence of his good faith, defendant points to his letter to plaintiff, dated January 24, 1989, in which he offered to put the arbitration fee into an interest-bearing escrow account. This offer was repeated. However, a party's subjective beliefs as to good or bad faith are not

relevant to the Court's decision. *Colucci v. New York Times Co.*, 533 F.Supp. 1011, 1012 (S.D.N.Y.1982) (citations omitted).

The undisputed facts in this case reveal that on May 31, 1988, the American Arbitration Association ("A.A.A.") billed defendant for plaintiff's services. Plaintiff made five further demands for payment. The third time plaintiff demanded costs plus interest and attorneys' fees. Defendant's attorney informed plaintiff that he would instruct defendant to pay the bill. However, defendant withheld payment, and in one of his letters to plaintiff alleged that plaintiff had misled the Court, and that the arbitration award was influenced by an economic interest in finding for a member of the union. Defendant also characterized plaintiff's relationship with the union as "cozy". Nevertheless, as pointed out above, defendant had no right to withhold payment of the arbitrator's fee, even if his allegations had some merit. *See Wright–Austin*, 422 F.Supp. at 1370–71. In short, defendant's vexatious actions appear to have been designed simply to punish plaintiff, and even if they had not been, defendant's refusal to pay the arbitrator's fee without any legal justification was, in and of itself, bad faith conduct.

As noted above, defendant continued to act in bad faith as long as he refused to pay the arbitration fee. It is that unquestionably bad faith conduct for which plaintiff is entitled to an award of attorneys' fees. Thus, attorneys' fees incurred prior to the commencement of this action and up to the point defendant filed his answer are hereby awarded to plaintiff along with the arbitration fee, costs, and interest.

### CONCLUSION

For the reasons stated above, this Court holds that defendant, as a matter of law, acted in bad faith only up until plaintiff received defendant's answer, and as to that point there is no genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex*, 477 U.S. 317, 106 S.Ct. 2548. Accordingly, plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is partially granted as follows:

defendant shall remit to plaintiff monies owed for plaintiff's arbitration fee, plus interest, court filing costs and attorneys' fees incurred up to the point at which plaintiff received defendant's answer. Plaintiff is directed to file the proper documentation with the Court, consistent with this opinion, as to the amount owed. Plaintiff is to submit documentation within thirty days of the date of this order; defendant may then object to the amount of attorneys' fees by filing papers within twenty days thereafter. Finally, based on the above discussion, defendant's motion for summary judgment is denied.

SO ORDERED.