**David RAFF, Plaintiff,**

v.

**Paul C. MAGGIO, d/b/a Patchogue Nursing Home, Defendant.**

**No. CV 89–3235.**

United States District Court, E.D. New York.

Oct. 16, 1990.

## ORDER

WEXLER, District Judge.

In the above-referenced case, defendant objects to a judgment entered by this Court, dated September 13, 1990. That judgment reflected the amount of $3,954.00 as attorneys' fees awarded to plaintiff in this action. *See Raff v. Maggio,* 743 F.Supp. 147 (E.D.N.Y.1990). Since the court inadvertently entered the proposed judgment prior to receiving defendant's objections, the Court addresses them now.

First, defendant asserts that the amount of attorneys' fees in the judgment contradicts an amount quoted by plaintiff's counsel in a letter sent to defendant in October of 1989. In response, plaintiff's counsel points out in an affirmation that the difference in hours between the judgment and the letter is due the fact that the

earlier letter was a compromise offered in the spirit of settlement. This is certainly not an unreasonable position, and in view of the fact that plaintiff's counsel adequately justified the hours submitted in support of the attorneys' fees award, defendant's first objection is rejected.

Second, defendant asserts that portions of the fees sought by plaintiff covered research time spent on the actual issue of attorneys' fees. Pursuant to this Court's prior order, the attorney's fees were granted only as to the primary claim, and time spent by plaintiff's counsel on the first impression issue of attorneys' fees was not to be included. *See Raff*, 743 F.Supp. at 147. However, plaintiff points out that the bulk of the time to which defendant objects, (which spanned 4.8 hours on September 12, 1989 and 3.6 hours on September 16, 1989), *was* spent addressing plaintiff's primary claim. The Court accepts counsel's affirmation as true, and accordingly, defendant's second objection is also rejected.

 Defendant's final objection is that interest was improperly awarded on the attorneys' fees. Although no authority is cited, defendant asserts that attorneys' fees are considered to be a part of the costs. The case law relied upon by plaintiff indicates otherwise, and this Court finds that plaintiff may receive interest on the attorneys' fees award where the judgment is inclusive of such an award. *See* 28 U.S.C. § 1961; *Lew Wenzel & Co. of Southern California, Inc. v. London Litho Supply Co., Inc.*, 563 F.2d 1367 (9th Cir.1977). However, plaintiff is not entitled to post-judgment interest at the rate of 9%. The current rate for all post-judgment interest, pursuant to 28 U.S.C. § 1961, is 7.78%.

Plaintiff is directed to submit a judgment reflecting the amounts already submitted, with the corrected rate for post-judgment interest.

SO ORDERED.