**Rose COPPOLA, Plaintiff,**

v.

**Alice MACK, et al., Defendants.**

**No. 3:93CV2521 AHN.**

United States District Court, D. Connecticut.

March 31, 1998.

Joanne Faulkner, New Haven, CT, for Plaintiff.

Michael Leventhal, Norwalk, CT, Robert Slavitt, Slavitt, Connery & Vardamis, Norwalk, CT, for Defendant.

NEVAS, District Judge.

After careful review and absent objection the Magistrate Judge's Recommended Ruling is approved, adopted and ratified. SO ORDERED.

## *RECOMMENDED RULING ON MOTION FOR ARTICULATION ON APPLICATION FOR ATTORNEY'S FEES*

MARTINEZ, United States Magistrate Judge.

Currently pending before the court is the defendants' Motion for Articulation on

Application for Attorney's Fees (doc. # 69). In their motion, the defendants ask the court to further articulate its March 15, 1996 ruling on the plaintiff's application for attorney's fees by stating: (1) whether the plaintiff is entitled to interest on the attorney's fee award from the date of the award; and (2) whether the plaintiff is entitled to interest on the fee award from the date of the commencement of the lawsuit.

The defendants' motion for articulation (doc. # 69) is GRANTED. The court's March 15, 1996 ruling is clarified as set forth below.

## I. Procedural Background

This action was brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* After a disputatious beginning, the parties agreed to settle the underlying claim with a payment of $1870.00 to the plaintiff, but reserved the right to litigate the question of attorney's fees for the plaintiff's counsel. The case was reported settled on August 30, 1994 (doc. # 52). The parties stipulated to the dismissal of the action with prejudice as to all substantive claims, but without prejudice as to the plaintiff's right to apply for attorney's fees (doc. # 61). The action was dismissed on October 18, 1994 and the Clerk of the Court closed the case. *Id.*

Thereafter, the plaintiff filed her application for attorney's fees (doc. # 54). On March 15, 1996 the court awarded the plaintiff $5,393.98 in attorney's fees and costs (doc. # 66). In April 1997, the defendants filed the instant motion for articulation of the court's March 15, 1996 ruling. The defendants ask the court to elaborate on its decision by articulating whether they owe interest to the plaintiff's attorney on the award of attorney's fees.

## II. Discussion

### A. Post–Judgment Interest

■ The defendants ask the court to articulate whether the March 15, 1996 ruling provided that interest should accrue on the fee award from March 15, 1996, the date of the court's ruling, to the time that the fee award was paid. The plaintiff claims that she is entitled to such interest pursuant to 28 U.S.C. § 1961. The court disagrees.

■ Title 28 U.S.C. § 1961 provides, in pertinent part, that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Interest under 28 U.S.C. § 1961 accrues on an award of attorney's fees where the award of fees is included in a final judgment entered by the court. *Raff v. Maggio,* 746 F.Supp. 1207, 1208 (E.D.N.Y.1990) (interest accrues on an award of attorney's fees which is included in judgment).

In this case, the court's March 15, 1996 ruling on attorney's fees was not incorporated into a final judgment. Because the parties elected to dismiss the case, no judgment entered. Had the parties stipulated to judgment for the plaintiff, judgment would have entered and later been amended to incorporate the award of attorney's fees and costs. Because judgment did not enter in this case, post-judgment interest under 28 U.S.C. § 1961 is therefore not available on the award of attorney's fees. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 836, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) ("[P]ostjudgment interest properly runs from the date of the entry of judgment.").

### B. Pre–Determination Interest

■ The defendants also ask the court to articulate whether the plaintiff is entitled to interest on the fee award prior to the court's March 15, 1996 ruling. The plaintiff claims that she is entitled to interest from August 30, 1994. Although the plaintiff does not explain the significance of the August 30, 1994 date in her brief, a review of the record reveals that August 30, 1994 is the date that the case was reported to the court as settled.

■ The authority to award interest on attorney's fees prior to the date when the amount of the attorney's fees award is quantified, often referred to as pre-determination interest, rests in the court's equitable discretion. *See Remington Products, Inc. v. North American Philips, Corp.*, 763 F.Supp. 683, 685 (D.Conn.1991) (court may have discretion to award pre-judgment interest even when underlying statute does not expressly provide for pre-judgment interest).

Although the plaintiff argues that she is entitled to pre-determination interest in this case, she has never requested that the court award her this interest. The first and only time that the plaintiff presented an argument to the court that she is entitled to pre-determination interest was in her memorandum filed in response to the defendants' motion for articulation, filed more than one year after the court's ruling on her application for attorney's fees. Pre-determination interest was therefore not considered or ordered by the court in its March 15, 1996 ruling.

Nonetheless, in light of the highly unusual circumstances presented here, where it appears that the defendants did not pay the fee award until more than one year after the court's ruling,[1] the court concludes that interest might be appropriate on the unpaid amount of the fee award from the date of the court's ruling until the date that payment was made. Because this issue has not been briefed by the parties, the court is without the benefit of the parties' arguments as to what interest rate should apply and also is without a record as to whether or when payment was in fact made. Hence, if the parties are unable to resolve this final issue by agreement, the court will accept moving papers and supporting memoranda addressing this issue no later than April 15, 1998.

## CONCLUSION

The Motion for Articulation (doc. # 69) is GRANTED and the court's March 15, 1996 ruling is clarified as follows.

The Ruling on Plaintiff's Application for Attorney's Fees entered on March 15, 1996, as expanded upon here, is incorporated herein as a recommended ruling. The undersigned further recommends that no post-judgment interest pursuant to 28 U.S.C. § 1961 be awarded at this time as no final judgment has been entered. The undersigned further recommends that no pre-determination interest be awarded. Finally, the undersigned recommends that to the extent that the plaintiff seeks interest on the fee award from the date of the court's ruling awarding fees to the date of payment, and to the extent that the parties are unable to resolve this issue by agreement, the parties are to submit moving papers and briefs on this issue by no later than April 15, 1998.

A party may seek district court review of a recommended ruling by a magistrate judge. *See* 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed.R.Civ.P. 6(a), 6(e) and 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992) (failure to file timely objection to Magistrate Judge's recommended ruling waives further review of the ruling).

---

**1.** The defendants represent that they have now paid the principal amount due. Although none of the papers filed include the details of payment, the defendant's brief states that "the last payment was issued on May 19, 1997." Defendant's Memorandum re: Interest on Attorney's Fee Award at 2.